

Julio Mayen
15335 Castle Peak Lane
Jamul, California 91935
ekultan@gmail.com

**FILED**

Oct 19 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ RodrigoContreras _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JULIO MAYEN

   Plaintiff,

vs.

COUNTRYWIDE HOME LOANS,
INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW
YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF
CWMBS, INC., CHL MORTGAGE
PASS- THROUGH TRUST 2005-07,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-07.;
NEWREZ, LLC. DBA SHELLPOINT
MORTGAGE SERVICING, AND,;
INCLUDING ANY SPV/TRUST,
INVESTORS and DOES 1 through 10,
inclusive,

   Defendants,

Case No. **'23 CV 1915 RBM AHG**

**COMPLAINT FOR VIOLATION OF
FEDERAL CONSUMER
PROTECTION LAWS AND SEC
AND SEEKING JUDICIAL REVIEW
AND OTHER RELIEF**

**TRIAL BY JURY DEMANDED**

**PLAINTIFF'S COMPLAINT FOR VIOLATION OF FEDERAL
CONSUMER PROTECTION LAWS AND SEC AND SEEKING JUDICIAL
REVIEW AND OTHER RELIEF**

**BEFORE UNITED STATES DISTRICT COURT**

Comes now Julio Mayen, Pro Se, in this Complaint. The law provides, federally protecting Pro Se litigants, that claims of Pro Se litigants must not be barred or dismissed out of hand where the deficiency can be remedied or cured, until they have been given an opportunity to correct or fix any such deficiency (see ie. Haines V. Kerner, S.Ct. Hist.). And provides that they must not be dismissed and must be encouraged to proceed where a Jury Could find any set of facts well pled that could entitle the Plaintiff to relief sought.

Thusly Mayen sues out his COMPLAINT FOR VIOLATION OF FEDERAL CONSUMER PROTECTION LAWS AND SEC AND SEEKING JUDICIAL REVIEW AND OTHER RELIEF, and in furtherance whereof propounds, states, that allowing this submission and its full litigation will not prejudice any party as justice prejudices none and the question of standing goes to the issue of Jurisdiction to Grant Relief to the other Side in the first instance which may be raised in any matter at any time at any level and once raised, standing - as a function and prerequisite of authority to grant relief - must be proven and may not be presumed despite the lower court always looking towards its jurisdiction (*often finding it where it otherwise does not exist) and allowing the immediate seeking of WRIT OF SUPERVISION to restrain the lower Court to a limited exercise of its authority and limited ONLY, and he says as follows:

**PARTIES**

1.      Plaintiff Julio Mayen is an individual, a Private Natural Person as defined in the Insurance Laws treating the home-owners policy and insurances of the adverse parties involved herewith, and he owns the real property located at 15335 Castle Peak Lane, Jamul, CA 91935 where he may ordinarily be found most of the time.

2.      On information and belief all Defendants are actually ONE DEFENDANT separated into all of these different named entities (and others unknown to date due to concealment) acting as agents of one another to accomplish together what would be forbidden if any one of them did every step by themselves. Defendants are alleged to be an agents of an Unknown SPV (Special Purpose Vehicle) using the named parties as STRAW PURCHASERS AND STRAW SERVICERS/PASS THROUGHS and STRAW MORTGAGE ORIGINATORS aka "LENDER" HEREAFTER ("LENDERS") but on information and belief are together a TRUST written or implied and acting under the auspices of a financial institution with offices located at Undisclosed places to date but operating through the current servicer as mailing destination for all involved "servicers" and "Lenders".

3.      Defendant Countrywide Home Loans (and everyone involved jointly and severally represented by and through Countrywide's name and address) is a

financial institution and on information and belief is a straw person in this transaction with offices located at Countrywide's business address.

JOINDER OF OTHER PARTIES MAY BE NECESSARY FOR THE COMPLETE RESOLUTION OF ALL CLAIMS AND COUNTERCLAIMS IN THIS MATTER and it is asked that limited discovery be allowed immediately to facilitate the identification and serving of the Complaint on these cloaked parties and their respective commercial liability insurers.

## JURISDICTION AND VENUE

4.     This action arises under the laws of the United States as outlined herein below and presents Federal Law violations stemming from the breach of state regulations and law which are adopted by the state to give teeth to the federal law and tendencies of those engaged in commerce to abide federal statutes, treaties, and constitution as Amended.

5.     This Court has subject-matter jurisdiction over this matter as in excess of $75,000.00 Under Diversity Jurisdiction, 28 USC 1331 because a federal law is involved and it poses tension between federal laws and what the states are licensing and allowing through the county judicial systems, and it directly challenges uses by Lenders of SPV Trusts and Batching and Pooling Registrations, nominees, and the

like by and through which a process is employed where the original instruments are absorbed in a manner that arguably circumvents the intention of the laws without violating the wording.

6.    Venue is proper as San Diego County is where the home is located, and as a substantial part of the events giving rise to the claims occurred in this District and the matters were developed by use of the mails and computer communication by the out of state parties in and affecting thereby interstate commerce in furtherance of a common scheme or plan meant to circumvent federal law without violating the wording and all whilst using state allowed self-help protocols and foreclosure auspices to escape federal scrutiny of the transactions every element to confirm strict compliance in every facet of the transaction which is complex and complicated and to some degree shrouded in secrecy under auspices of "trade secrets" and structured financial transactions meant to give the businesses involved a commercial advantage over others less versed and less savvy which ironically includes the very consumers such as Plaintiff who they target for these transactions.

## FACTUAL BACKGROUND

7.    Plaintiff, Julio Mayen, allegedly entered into an originally signed mortgage and note agreement with some Special Purpose Vehicle by and through some straw

person who did not disclose that that would be done and that through batching and

pooling an SPV would be the actual involved party on the behalf and to the benefit

of unknown investors who were actually underwriting the alleged loan in absentia

indirectly causing terms to be placed upon Mayen but undisclosed to him in

violation of the state consumer protection laws which abide that federal law called

the Truth in Lending law (Reg Z).

8.      The alleged mortgage agreement and note included a provision stating that

Mayen would pay a portion of the home's purchase price and interest (VIG) monthly

in exchange for them not presenting or exhibiting the original instruments in

exchange for full "payment" ( "payment" as used herein intended to infer

forwarding of Legal Tender of the United States to the party demonstrating behavior

consistent with expectation of payment or performance) due immediately upon

presentment.

9.      Mayen noticed provisions about waiving notices and presentment in the

agreement and marked them with strikethroughs as waiving presentment and/or

exhibition as well as waiving demand for payment, notice of dishonor, notice of

default, and his right to due diligence in the future seemed foolish.

10.     Mayen was promised access to the original signed contracts and commercial agreements by Countrywide, and all others by and through them, as well as the SPV by and through them all.

11.     Mayen requested to see the original documents, and Countrywide, and all others by and through them, as well as the SPV by and through them all, initially deferred and while stalling - notwithstanding billing error laws and the billing error alleged thereby – continued making demands and or implying the expectation that Mayen send payments in the meanwhile.

12.     Countrywide, and all others by and through them, as well as the SPV by and through them all, subsequently informed Mayen that the alleged loan account had been sold to Some other party or by some other party, and on information and belief thereby involving all others by and through them,

13.     Mayen expressed interest in matching Countrywide's (and all others by and through them) offer for the property but insisted on seeing and inspecting the original documents first.

14.     Countrywide, and all others by and through them, contacted Mayen, asserting a debt without showing the originals and they keep doing so. Mayen has not been

permitted to see chain of custody documents either so that he may ascertain who is involved still and why.

15.     Countrywide, or all others by and through them, or some others of their number, as well as the SPV by and through them all, disclaimed any further interest in the matter and did not show the originals.

16.     Countrywide, and all others by and through them, refused payment for the mortgage to date by indicating that they may not have a contract or commercial agreement binding Mayen and implying to Mayen on information and belief that the instruments had been negotiated and absorbed into another transaction in a way that releases and previously had released him from any further obligation to pay, enforceable expectation of payment, and the like.

17.     Mayen sent payments to Countrywide, and all others by and through them, but received billing statements that did not acknowledge these payments or which billing statements did not incorporate the fact that Mayen has been released from the enforceable obligation and/or expectation of payment tender or forwarding of legal tender to them by Mayen.

18.    Countrywide, and all others by and through them, subsequently refused more payments by failing and refusing to agree to presentment and/or exhibition of originals and in doing so they retained a letter accompanying the payment instruments explaining the refusal to be agreement and mutual assent to NO MORE LEGAL TENDER BEING FORWARDED until legal proceedings and judicial scrutiny to avoid unjust enrichment by tendering performance or legal tender to the wrong party or where none was due any longer at all.

19.    Countrywide, and all others by and through them, sent a billing statement to Mayen, indicating an alleged past due debt at $1M or more for months where they were under billing error accusations of Mayen and where they had been asked for proof of existence and ownership/possession of the original instruments which created any liability asserted and claimed as well as implied by the expectation that Mayen would continue to tender funds or performance of any kind without certain assurances and verifications/ authentications..

20.    On information and belief Mayen sent an excessive amount of Legal Tender in certified funds to Countrywide, and all others by and through them, in good faith which funds constitute unjust enrichment if they cannot abide the statute of frauds and holder/holder in due course agreements formed by the striking of the

presentment waiver and express agreement that when asked they would allow Mayen to inspect original mortgage and note at any time upon request.

21.     Despite receiving large sums in payments, Countrywide, and all others by and through them, did not credit the account properly as demonstrated by their current demonstration of a positive amount due where the starting number was $0.00 due where for registration of SPV and batch and pool it was on information and belief agreed that all parties were released from their obligations, and notified, whether they were or were not.

22.     Countrywide, and all others by and through them, failed to hold partial payments as per their stated policy, leading to billing errors and disputes which remain unresolved. And sadly transactions like these in other contexts require the inquiry into whether the targeted intended consumer is a savvy investor who has done this before sufficiently to be deemed an experienced investor and must be given a prospectus or Private Placement Memorandum making plain certain disclosures that these transactions did not require or involve but where the structured financial transaction was more complex and much more was at stake.

### SECURITIZATION AND REGULATORY VIOLATIONS

23.    Mayen alleges violations of the SEC rules and regulations in these transactions, specifically Section 27B, pertaining to securitization transactions due to the following:

    a.    Lack of transparency in the securitization process, including changes in ownership of original instruments.

    b.    Failure to provide access to original documents and disclosures of securitization processes.

    c.    Material conflicts of interest among participants in the securitization transaction.

## CONSUMER PROTECTION LAW VIOLATION

24.    Mayen alleges a violation of Federal consumer protection laws against Countrywide, and all others by and through them, as well as the SPV created under federal law and by operation of federal law based transactions by and through them all, and Countrywide, and all others by and through them, for unfair and deceptive practices, including the following:

    a.    Refusing payment without proper explanation or documentation.

    b.    Failing to provide access to the original documents as promised.

c.      Falsification of documents or forgery where a copy was produced without the striking out of the presentment provisions suggesting that another page was created and that best evidence cannot be produced, of strict proof nature, to demonstrate that anything that Mayen is stating is untruth nor suggesting that the other parties ever had authority to FORECLOSE or initiate FORECLOSURE against Mayen or "MAYEN TRUST" in which he is interested (formed when agreement was issued promising to show him the originals at any time he asked lest the obligations and any expectations of payment without proof become unenforceable prospectively going forward forever). All in violation of Truth in Lending, Fair Credit Reporting Laws, Predatory lending practices proscriptions, and Privacy Act as federal records are involved which name the Individual Mayen or an identifier to him and his property and which misrepresents or which skews - without notice to him and without due process - the records pertaining to him and alters agreements involving him to materially prejudice him and impact him in his rights and personal effects and causing adverse decisions still being made against him based on those said federal records but treating him as if he has no right to disclosures, corrections, or due process related which if allowed violates 1st amendment free speech limitations on others regarding untruth in business

records and falsified documents in federal databases and transactions involving Mayen.

## CLAIMS FOR RELIEF

Claim One:  Breach of Fiduciary duty against Countrywide, and all others by and through them, as well as the SPV by and through them all,

25.     Mayen asserts a claim for breach fiduciary duty and breach of contract against Countrywide, and all others by and through them, as well as the SPV by and through them all, based on the following breaches:

a.      Failure to provide access to the original documents as promised in the mortgage agreement. After that duty was undertaken by them as agreed. Mayen has sustained injury and been irreparably prejudiced by the breaches.

b.      Failing to honor Fiduciary and contractual obligations, including the implied right to inspect original documents, and to not be expected to pay or perform further once inspection was sought and until inspection was had.

Claim Two: Breach of Contract against Countrywide, and all others by and through them,

26.    Mayen asserts a claim for breach of contract against Countrywide, and all others by and through them, due to the following breaches:

a.    Failing to provide access to the original documents as per Plaintiff's request. Where by operation of law and circumstances it appears that the undisclosed SPV (TRUST) represents dual interests where formed by the original instruments and constructively representing them whether in possession or not of **BOTH Mayen AND the pool of Investors** having duties to both but here prejudicing the rights of one without whom the transaction would not exist in favor of the others who would benefit from the prejudicing in the first place, (implying an irreconcilable conflict of interest of sorts).

b.    Refusing payment without proper justification or explanation. It would again appear that the SPV Trustee is being paid to deny to fulfill obligations to Mayen, to deny disclosures to Mayen, to refuse to abide the Privacy Act which nothing they have instituted or claimed to have can waive or bar, and to perpetuate adverse decisions based on inaccurate and misrepresented federal records (applications) formed and coming into existence in the securitization process, batching, and pooling, and identification number application and assignment regarding the same.

c.    Failing and refusing to adjust the alleged balance monthly for every month that the contract or commercial agreement originals were not produced thereby barring tender by Mayen.

Claim Three: Violation of SEC Rules and Regulations

27.    Mayen alleges a violation of SEC rules and regulations, specifically Section 27B, due to the following violations:

a.    Lack of transparency in securitization processes, including ownership changes and disclosures. Whereas the use of an SPV was meant to serve the function of laundering the transaction by involving at a key stage something that nearly has no legal existence and which can only rigidly follow the blueprint laid out in writing as to its creation rather than analyzing implied obligations which must, by operation of law and the facts upon the entirety of the transaction, transfer in as well such as certain disclosures and notices of existence of SPV when sought.

b.    Material conflicts of interest among participants in the securitization transaction. The SPV became the embodiment of the transaction and the Trustee thereof the personification of the obligations. However the Trustee is

shielded and does not consider the competing obligations which may exist favorable to the Homeowners individually or Mayen specifically here. If the SPV is formed by the transaction that represents the dissipation of the Original Contracts and Commercial agreements then the SPV is the nearest location where one can still see and inspect the existence of the contract and commercial agreement originals just as the confirmation and disclosure of its existence confirms the complete dissipation of the originals and the rights and duties that they represent where - as here - the right to see the originals is asked to be observed and it is claimed that the right was never waived.

Claim Four: Federal Consumer Protection Law Violation

28.    Mayen asserts a claim for violation of Federal consumer protection laws against Countrywide, and all others by and through them, as well as the SPV by and through them all, and Countrywide, and all others by and through them, based on unfair and deceptive practices, including the following:

a.    Unjust refusal of payment without legal basis. By those subject to the consumer protection laws proscriptions and prescriptions. And failure and refusal to observe the legal and accounting requirements where a billing error is alleged and/or shown.

b.      Failure to provide access to the original documents as promised. By those subject to the consumer protection laws proscriptions and prescriptions. And failure and refusal to observe the legal and accounting requirements where a billing error is alleged and/or shown.

c.      **Unjust refusal of legal tender of the United States without legal basis**, and Failure to provide access to the original documents as promised, in violation of the statute of frauds and commercial code adopted by the state and applicable in the transaction involved.

Claim Five: Request for Declaratory Relief

29.     Mayen requests Judicial Inspection of the entirety of the transaction from start to finish and a declaratory judgment affirming the Nugatory nature of any obligations stemming from the mortgage and note due to the breaches, lack of transparency, non-existence of originals and inference that the obligation was released explaining why the originals won't be produced and no claim of loss, theft, or destruction is being made, and material conflicts of interest.

Claim Six: Request for Injunction and Damages

30.    Mayen seeks injunctive relief to prevent any foreclosure or eviction proceedings initiated by Defendants due to the breaches of Federal Law cited herein and violations of Federal consumer protection laws as well as national standards imposed on foreclosure protocols and predatory practices and because in this context they are used as a coercion and silencing tactic meant to keep Mayen tendering legal tender of the United States.

31.    Mayen also seeks compensatory damages in the way of complete disgorgement of all sums - including interest if applicable - retained and realized by the other side as a result of the scheme described, outlined, and otherwise flushed out hereby, including attorney's fees and costs incurred as a result of the disputes with Defendants.

32.    Mayen requests that this Court declare the rights, duties, and legal relations of the parties, ensuring compliance with Federal law predicated in part upon US Constitution, the Privacy Act of 1974, SEC rules and regulations, and Federal consumer protection laws.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Julio Mayen requests the following relief:

A.      Grant immediate preliminary Discovery and issuance of Subpoena Duces Tecum forms to Mayen to seek out the missing original instruments, the Certification that they are unavailable due to loss - theft- or destruction, chain of conveyance, and SPV registration and establishment (batch and pool identification documents) without which the other side cannot have standing at all to foreclose or oppose in this litigation, and which if existing - on information and belief - would demonstrate conclusively that the other side lacks standing to pursue any relief whatsoever of Mayen.

B.      Grant A declaratory judgment affirming the nullification of any obligations and alleged obligations as well as "expectations" stemming from the mortgage and note.

C.      Grant an injunction preventing Defendants from pursuing foreclosure or eviction.

D.      Grant Compensatory damages (complete disgorgement), including attorney's fees and costs.

E.      Grant Punitive damages by way of statutory damages, if any, prescribed by law where statutes are found to have been violated which provide for a recovery.

F.    Grant and Order Release and Removal of any claimed Lien holder, whose predicate has its roots in any facts outlined herein or parties adverse hereto, and declaration of the Deeds as free and clear from liens and encumbrances of any kind.

G.    As there may be no adequate remedy at law, and If it be found that there is no adequate remedy at law, impose an implied trust upon the adverse parties and grant all relief sought herein by ordinary means available or the functional equivalents including instructions to the SPV to provide all disclosures sought and reversals of all sums and payment of all fees henceforth to Mayen.

H.    Any other relief that this Court deems just and appropriate, favorable to Mayen, under the totality of the circumstances.


Executed on October 19, 2023



By: _Julio Mayen_____  [L.S./SEAL]
        Julio Mayen, Pro Se

1
2

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3  I have read the foregoing **VERIFIED COMPLAINT** and know its contents.

4
5  The matters stated in the foregoing document are true of my own knowledge except
   as to those matters which are stated on information and belief and, as to those
6  matters, I believe them to be true.

7  I declare under penalty of perjury under the laws of the State of California and 28
8  USC 1746 that the foregoing is true and correct.

9

10 Executed on October 19, 2023

11

12

13                          By: _____  [L.S./SEAL]
14                              Julio Mayen, Pro Se
15

16

17

18

19

20

21

22

23

24

25

26

27

28