AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

ADAM N. BARASCH (State Bar No. 158220)
anb@severson.com
SEVERSON & WERSON
A Professional Corporation
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
CWMBS, INC., CHL MORTGAGE
PASS-THROUGH TRUST 2005-07,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-07

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE HOME LOANS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., ET AL.<br><br>        Defendants. | Case No. 3:23-cv-1915-RBM-AHG<br>The Hon. Ruth Bermudez Montenegro<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [FRCP 12(b)(6)]**<br><br>Date:    January 16, 2024<br>Time:    9:00 a.m.<br>Crtrm.:  5B<br><br>Trial Date:    none set |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................... 1

II. FACTS ........................................................................................................ 1

    A. The Loan and Deed of Trust ............................................................ 1

    B. Plaintiff's Bankruptcies .................................................................... 2

    C. Plaintiff's Lawsuits .......................................................................... 2

III. STANDARD FOR MOTION TO DISMISS ............................................. 3

IV. ARGUMENT & ANALYSIS ..................................................................... 4

    A. Judicial Estoppel Bars this Entire Case ........................................... 4

    B. The Complaint Fails to State a Claim Because There Is No Legal Or Factual Basis the Relief Sought ....................................................... 7

        1. Breach of Fiduciary Duty Cause of Action Fails ................... 7

        2. Breach of Contract Cause of Action Fails .............................. 9

        3. Violation of SEC Rule and Regulations Fails ........................ 9

        4. Violation of Federal Consumer Protection Law Fails .......... 10

        5. Declaratory Relief and Request for Injunction and Damages Fails ........................................................................ 10

V. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Lerner*,
   32 Cal. 4th 974,986 (2004)...........................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................3

*Bilodeau v. McAfee, Inc.*,
   2013 U.S. Dist. LEXIS 89226 (N.D. Cal. June 24, 2013, No. 12-04589-LHK) ........................................................................................................9

*Cusano v. Klein*,
   264 F.3d 936 (9th Cir. 2001) ...................................................................................4, 5

*Ephraim v. Metro. Trust Co.*,
   28 Cal.2d 824 (1946)................................................................................................11

*Gen. of Am. Ins. Co. v. Lilly*
   (1968) 258 Cal.App.2d 465 ................................................................................10, 11

*Hamilton v. State Farm Fire & Casualty Co.*,
   270 F.3d 778 (9th Cir. 2001) ...............................................................................4, 5, 6

*Khoja v. Orexigen Therapeutics, Inc.*
   899 F. 3d 988 (9th Cir. 2018): 1 ..................................................................................4

*Mansour v. Cal-Western Reconveyance Corp.*,
   618 F.Supp.2d 1178 (D. Ariz. 2009) .........................................................................10

*McAfee v. Francis*
   2011 U.S. Dist. LEXIS 83878, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011, No. 11-00821-LHK) .................................................................................9

*McKell v. Washington Mutual, Inc.*,
   142 Cal.App.4th 1457 (2006).....................................................................................9

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ...............................................................................................6, 7

*Nymark v. Heart Federal Savings & Loan Assn.*,
   231 Cal.App.3d 1089 (1991) ................................................................................ 8

*Oaks Management Corporation v. Superior Court*,
   145 Cal.App.4th 453 (2006) ................................................................................. 8

*Oasis W. Realty, LLC v. Goldman*,
   51 Cal.4th 811 (2011) .......................................................................................... 9

*Padayachi v. Indymac Bank*,
   No C 09-5545 JF (PVT), 2010 WL 1460309 (N.D. Cal. Apr. 9, 2010) ............................................................................................................ 11

*Renteria v. U.S.*
   (D.Ariz., 452 F.Supp.2d 910, 922-923(2006)[.]) .................................................. 8

*Rowe v. Educ. Credit Mgmt. Corp.*,
   559 F.3d 1028 (9th Cir. 2009) ............................................................................ 10

*Ruiz v. Cent. Mortg. Co.*,
   No. CV1408627MMMSSX, 2015 WL 12683873 (C.D. Cal. Apr. 2, 2015) ............................................................................................................. 11

*Santos v. Countrywide Home Loans*,
   No. CIV 20902642WBS DAD, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009) ............................................................................................................ 11

*Sharp v. Nationstar Mortgage LLC*,
   No. 14-CV-00831, 2014 WL 4365116 (N.D. Cal. Sept. 3, 2014) ........................ 7

*Shell Oil Co. v. Richter*,
   52 Cal.App.2d 164 (1942) ................................................................................. 11

*Swendsen v. Ocwen Loan Servicing, LLC*,
   No. 2:13-CV-02082, 2014 WL 1155794 (E.D. Cal. Mar. 21, 2014) ................... 7

*Thomson v. Canyon*,
   198 Cal.App.4th 594 (2011) ................................................................................ 8

*United States v. Ritchie*,
   342 F. 3d 903 (9th Cir. 2003) .............................................................................. 3

*Wagner v. Benson*,
   101 Cal.App.3d 27 (1980) ................................................................................... 8

**Statutes**

15 U.S.C. 1692a(6)(F) ................................................................................................ 10

15 U.S.C. § 1692k(d) ................................................................................................ 10

28 U.S.C. §§ 2201, 2202 ........................................................................................... 11

Consumer Protection Law ......................................................................................... 9

FDCPA ................................................................................................................ 2, 10

Federal Consumer Protection Law .......................................................................... 10

Federal Debt Collection Protection Act ................................................................... 10

**Other Authorities**

Fed. R. Evid. 201 ........................................................................................................ 4

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 3, 4

## I. INTRODUCTION

In 2004, Julio Mayen ("Plaintiff") and his spouse, non-party Sarah A. Mayen, borrowed over one million dollars to buy the property located at 15335 Castle Peak Lane, Jamul, California. (the "property") They then neglected to make payments for several years resulting in the commencement of foreclosure of their property. Prior to the foreclosure, Plaintiff filed multiple bankruptcies, and then filed at least three lawsuits, including the current one. All the bankruptcies were dismissed; all the lawsuits were dismissed as well.

Plaintiff's current complaint is subject to dismissal under the doctrine of judicial estoppel, which bars this entire action due Plaintiff's three prior bankruptcies where he failed to list the aforementioned claims as assets of his estate. Finally, the complaint is subject to dismissal as he fails to state any claim for relief.

The complaint is frivolous and the Court should dismiss it.

## II. FACTS

### A. The Loan and Deed of Trust

On December 27, 2004, Plaintiff and co-borrower Sarah A. Mayen borrowed $1,088,000.00 from Countrywide Home Loans, Inc. ("Countrywide"), secured by a deed of trust on 15335 Castle Peak Lane, Jamul, California 91935 (the "Property"). (Request for Judicial Notice ("RJN"), Exhibit ("Ex."), 1.) On June 13, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, recorded a document assigning the beneficial interest under the deed of trust to The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-07. (RJN, EX. 2.)

///
///
///
///

On June 23, 2023, a Notice of Default[1] was recorded due to Plaintiff's default. (RJN, Ex. 3.) On September 25, 2023, a notice of trustee's sale was recorded. (RJN, EX. 4.)

**B.     Plaintiff's Bankruptcies**

On February 21, 2013, Plaintiff filed his first chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, initiating case number 3:13-01660-LT13. (Bankruptcy Docket ("Bky. Dkt."), # 1, RJN, EX. 5.) Plaintiff's schedules failed to disclose his current claims as an asset of his estate. (RJN, EX. 6.) This first bankruptcy was dismissed on May 3, 2013. (Bky. Dkt. # 28, RJN, EX. 5.)

On August 22, 2016, Plaintiff filed a second chapter 13 bankruptcy petition in the Southern District, initiating case number 3:16-05104-LT13. (Bky. Dkt. # 1, RJN, EX. 7.) Plaintiff again failed to disclose his current claims as an asset of the estate. (RJN, EX. 8.) The second bankruptcy was dismissed on November 14, 2016. (Bky. Dkt. # 27, RJN, EX. 7.)

On November 28, 2016, Plaintiff filed a third chapter 13 bankruptcy petition in the Southern District, initiating case number 3:16-07181-LT13. (Bky. Dkt. # 1, RJN, EX. 9.) He again failed to disclose his current claims again as an asset of his estate. (RJN, EX. 10.) The third bankruptcy was dismissed on March 7, 2017. (Bky. Dkt. # 31, RJN, Ex. 9.)

**C.     Plaintiff's Lawsuits**

On September 5, 2013, Plaintiff filed his first lawsuit in District Court against Bank of America, the servicer of the Property at that time, among others case number 3:13-cv-02080-MMA-BGS.  (Dkt. # 1, RJN, Ex. 11.) Among the claims, Plaintiff asserted a violation of the FDCPA and fraud.  Bank of America filed a Motion to Dismiss. (Dkt. # 6, RJN, Ex. 11.)  On January 7, 2014, the Court granted the Motion

---

[1] There have been multiple Notices of Default recorded on the property with this one being the most recent.

1  to Dismiss and dismissed the FDCPA cause of action with prejudice.  (Dkt. # 16,
2  RJN, Ex. 12.)
3      On January 11, 2017, Plaintiff filed his second lawsuit in District Court Case
4  Number 3:17-cv-00050-JLS-MDD against New Penn Financial, LLC ("New Penn"),
5  the servicer of the loan on the Property at that time.  (Dkt. #1, RJN, Ex. 13.)
6  Ultimately, New Penn filed a Motion to Dismiss Plaintiff's third amended complaint.
7  (Dkt. # 35, RJN, Ex. 13.)  On August 12, 2019, the District Court granted New
8  Penn's Motion to Dismiss without leave to amend on Judicial Estoppel grounds.
9  (Dkt. # 41, RJN, Ex. 14.) Plaintiff filed a Notice of Appeal. (Dkt. # 43, RJN, Ex. 13.)
10 The appeal is currently pending.

## III.  STANDARD FOR MOTION TO DISMISS

12      "To survive a motion to dismiss [under Federal Rule of Civil Procedure
13 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to
14 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
15 678 (2009) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); see also
16 Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads
17 factual content that allows the court to draw the reasonable inference that the
18 defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  "The
19 plausibility standard is not akin to a 'probability requirement,' but it asks for more
20 than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a
21 complaint pleads facts that are 'merely consistent with' a defendant's liability, it
22 'stops short of the line between possibility and plausibility of 'entitlement of relief.'"
23 *Id.*  While the Court accepts as true the well-pleaded facts of a complaint when
24 deciding a motion to dismiss, this presumption does not apply to naked assertions
25 devoid of further factual enhancement or conclusory allegations of law.  *See Iqbal,*
26 556 U.S. at 678-679.
27      A District Court may consider the following supplemental materials along
28 with the complaint in ruling on a motion to dismiss and may treat the material as part

of the complaint, and therefore may assume that its contents are true for purposes of the motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). *United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003); *see, Khoja v. Orexigen Therapeutics, Inc.* 899 F. 3d 988, 1003 (9th Cir. 2018): 1) Material, such as exhibits, properly submitted as part of the complaint; 2) Documents that are not part of the complaint if they are referenced extensively in the complaint, and are accepted by all parties as authentic; and 3) Matters of public record of which the court may take judicial notice under Fed. R. Evid. 201.

## IV. ARGUMENT & ANALYSIS

This Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12 (b) (6) because the facts in the Complaint fail to state any of the claims alleged against Defendants as explained below.

### A. Judicial Estoppel Bars this Entire Case

Plaintiff is judicially estopped from asserting these causes of action and as such, this case should be dismissed because Plaintiff failed to disclose the claims in this current complaint in his three prior bankruptcy matters despite the fact that they all relate to the origination of the loan that occurred in 2004 prior to the filing of his three bankruptcy cases. Judicial estoppel is meant to prevent litigants from "playing fast and loose" with the courts by advancing inconsistent positions in the same, or different, cases. *See Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *Aguilar v. Lerner*, 32 Cal. 4th 974, 986 (2004). The doctrine applies when: "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Aguilar* at 986.

Plaintiff did not schedule all assets at the time of filing of his three prior bankruptcy petitions or at any other time. A debtor must take affirmative steps to

1  make sure his schedules are accurate and provide interested parties – such as the
2  trustee and creditors – with notice.  "[T]he debtor has a duty to prepare schedules
3  carefully, completely, and accurately." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir.
4  2001) (quoting *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992)).  While
5  there are "no bright-line rules for how much itemization and specificity is required,"
6  a debtor still must be "as particular as is reasonable under the circumstances."
7  *Cusano*, 264 F.3d at 946.
8      This complaint alludes to conduct that took place at the origination of the loan
9  in 2004, prior to his filing the three bankruptcy cases in 2013 and twice in 2016.
10 Plaintiff abused the bankruptcy process by failing to list the underlying claims in his
11 current complaint in his bankruptcy schedules of assets in any of his three
12 bankruptcy cases.  (*See* RJN's. Ex. 6, 8, 10.).  "In the bankruptcy context, a party is
13 judicially estopped from asserting causes of action not raised in a reorganization plan
14 or otherwise mentioned in the debtor's schedules or disclosure statements."
15 *Hamilton*, *supra*, 270 F.3d at 783.  In *Hamilton*, the Court of Appeals for the Ninth
16 Circuit judicially estopped a plaintiff from pursuing claims post-discharge because
17 (1) the debtor clearly asserted inconsistent positions as he failed to list his claims
18 against State Farm as assets on his bankruptcy schedules, and later sued State Farm
19 on the same claims; (2) the bankruptcy court accepted the debtor's prior assertions in
20 that the bankruptcy court granted the debtor a discharge; and (3) Hamilton obtained
21 an unfair advantage by obtaining all the benefits of his Chapter 7 bankruptcy without
22 complying with his affirmative duty to disclose all assets.  *Id.* at 784-85.
23     The facts here parallel the *Hamilton* case and support judicial estoppel in all
24 three bankruptcy cases. Plaintiff filed his first Chapter 13 case on February 21, 2013.
25 (*See*  RJN, Ex. 5, Bky. Dkt. #1.)  He failed to list the claims asserted in this lawsuit in
26 his schedules despite alleging that the actions he seeks relief from occurred prior to
27 the filing of his bankruptcy case.  (*See* RJN, Ex. 6.)  Plaintiff filed his second
28 Chapter 13 case in August, 2016. (*See*  RJN, Ex. 7, Bky. Dkt. #1.)  Again, he failed

to list the claims asserted in this lawsuit in his schedules despite alleging that the actions he seeks relief from occurred prior to the filing of his bankruptcy case. (*See* RJN, Ex. 8.) Finally, Plaintiff filed his third Chapter 13 case on November, 2016. (*See* RJN, Ex. 9, Bky. Dkt. #1.) Again, he failed to list the claims asserted in this lawsuit in his schedules despite alleging that the actions he seeks relief from occurred prior to the filing of his bankruptcy case. (*See* RJN, Ex. 10.)

Plaintiff failed to properly schedule the claims against the Defendants as an asset of his bankruptcy estate in his three prior bankruptcy cases and now is pursuing the claims against Defendants in this lawsuit. Neither creditors nor the Trustee were able to meaningfully evaluate these assets in conjunction with the Plaintiff's § 341(a) meeting of creditors. For the same reason the Ninth Circuit held in *Hamilton*, Plaintiff should be judicially estopped from pursuing on his own behalf claims he did not disclose to his creditors in his Bankruptcy schedules. Further, when this argument was raised in his first District court action, Plaintiff failed to make any effort to reopen his bankruptcy case and amend his schedules to list the causes of action in the first District Court action as an asset of his estate, despite having the opportunity to do so. As a result, the District Court has already dismissed his second case under the doctrine of Judicial Estoppel. (*See* RJN, Ex. 13.)

"Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 742–43 (2001) (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Although there is no set formula, the Supreme Court has outlined three factors for courts to consider:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent

position in a later proceeding would create the perception that either the first or the second court was misled. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id. at 750–51 (citations and quotations omitted). These factors are not "inflexible prerequisites or an exhaustive formula"; indeed, "[a]dditional considerations may inform the doctrine's application in specific factual contexts." Id. at 751.

The same is true even where the bankruptcy is ultimately dismissed, as with Plaintiff's three bankruptcy cases. (*Id.*) See *Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014) ("Here, Plaintiff received the benefit of automatic stays under the bankruptcy code for both of his bankruptcies [including his second dismissed bankruptcy]. The bankruptcy court assumed the truth of Plaintiff's schedules, which stated that he did not have any potential claims when indeed he did."); *Sharp v. Nationstar Mortgage LLC*, No. 14-CV-00831, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) (applying judicial estoppel where plaintiff's successive bankruptcy petitions were dismissed).

Because Plaintiff is judicially estopped from claims not scheduled in his Bankruptcy schedules, this Complaint should be dismissed without leave to amend. However to the extent the complaint is not dismissed under collateral estoppel grounds, the causes of action asserted fail to state any claims of relief.

**B.     The Complaint Fails to State a Claim Because There Is No Legal Or Factual Basis the Relief Sought**

### 1.     Breach of Fiduciary Duty Cause of Action Fails

Plaintiff asserts that as a result of Defendants alleged failure to provide him with access to the original documents, they have breach their fiduciary duty.  Compl., ¶ 25a.  To the extent that Plaintiff opines that Defendants breached their fiduciary duty in this cause of action, Plaintiff cannot establish that Defendants owed him a

fiduciary duty. "The relationship between a lending institution and its borrower-client is not fiduciary in nature. A commercial lender is entitled to pursue its own economic interests in a loan transaction. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Nymark v. Heart Federal Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1093, fn. 1 (1991), citations omitted.

"[A]bsent special circumstances ... a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender. [Citations.]" *Oaks Management Corporation v. Superior Court*, 145 Cal.App.4th 453, 466 (2006). A commercial lender pursues its own economic interests in lending money. *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096 (1991). A lender "owes no duty of care to the [borrowers] in approving their loan." *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980). A lender is under no duty "to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Renteria v. U.S.* (D.Ariz., 452 F.Supp.2d 910, 922-923(2006)[.])Perlas v. GMAC Mortgage, LLC, 187 Cal.App.4th 429, 437 (2010).

Finally, this cause of action is barred by the statute of limitations. The statute of limitations for a claim for breach of fiduciary duty is, at most, four years. *See Thomson v. Canyon*, 198 Cal.App.4th 594, 606-07 (2011). Plaintiff obtained his loan 2004. (*See* RJN, Ex. 1.) Thus, the statute of limitations for this claim began running at that time and expired no later than 2008. Plaintiff did not file this Complaint until October 2023  Accordingly, Plaintiff's cause of action for breach of fiduciary duty against Defendants is time-barred and must be dismissed.

In sum, Plaintiff's claim for breach of fiduciary duty fails because Defendants did not owe Plaintiff any fiduciary duty to plaintiff. Lastly, this cause of action is time barred. The Court should dismiss this cause of action as to Defendants without

leave to amend.

### 2. Breach of Contract Cause of Action Fails

To prevail on a breach of contract claim against Wells Fargo, Plaintiff must prove "(1) the existence of the contract, (2) Plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the Plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). The case law could not be clearer. To state a breach of contract claim, a Plaintiff must set forth the contract's terms:

A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. In order to plead a contract by its legal effect, Plaintiff must "allege the substance of its relevant terms." *McKell v. Washington Mutual, Inc.,* 142 Cal.App.4th 1457, 1489 (2006) (citation omitted); *see also Bilodeau v. McAfee, Inc.,* 2013 U.S. Dist. LEXIS 89226, at *40 (N.D. Cal. June 24, 2013, No. 12-04589-LHK), citing *McAfee v. Francis* 2011 U.S. Dist. LEXIS 83878, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011, No. 11-00821-LHK) (in turn dismissing breach of contract claims for failure to attach copies of the alleged contract to the complaint, or plead the essential terms of the agreement, or the date of the contract).

Plaintiff fails to identify any contract between Plaintiff and Defendants. Further, he fails to identify any of the terms Defendants breached, the amount of damages he allegedly suffered, or when the contract was formed or breached. As in *McAfee*, "[w]ithout the essential terms of the agreement and more specific allegations as to breach," Plaintiff fails to state a breach of contract claim. 2011 U.S. Dist. LEXIS 83878, at *5-6. Thus, Plaintiff's breach of contract claim fails.

### 3. Violation of SEC Rule and Regulations Fails

Plaintiff asserts that there has been a Consumer Protection Law Violation in his next cause of action. Compl., § 24. He claims that as a result of the creation of a

Special Purpose Vehicle ("SPV"), Defendants are in violation for unfair and deceptive practices. However, Plaintiff fails to identify who the SPV's are specifically and fails to identify the violations, other than the same repeated allegation about a failure to provide original documents that fails due to the statute of limitations. As such, Defendants assert this cause of action fails for lack of specificity and should be dismissed without leave to amend.

### 4. Violation of Federal Consumer Protection Law Fails

Plaintiff resurrects a cause of action from his 2017 District Court action seeking relief under the Federal Consumer Protection Law but in reality it is a thinly disguised cause of action for violation of the Federal Debt Collection Protection Act ("FDCPA"). Compl.. ¶ 28.

By its own terms, the FDCPA does not apply to: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity. . . (ii) concerns a debt which was originated by such person. . . ." 15 U.S.C. 1692a(6)(F); see also *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("a 'creditor' is not a 'debt collector' under the FDCPA."); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) ("Creditors and their fiduciaries are not 'debt collectors' subject to the FDCPA.").

As Countrywide originated the loan, the FDCPA does not apply to its actions.

Plaintiff also alleges Defendants violated the FDCPA by not providing access to the original documents. A party must file an FDCPA case "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff alleges he that he sought to review the original documents entered into in 2004. *See* Compl. ¶28b. Since any response was required under the FDCPA within 30 days, but Plaintiff filed this action on October 19, 2023, the one-year statute of limitations has long expired and the FDCPA claim is also time-barred.

### 5. Declaratory Relief and Request for Injunction and Damages

**Fails**

Plaintiff's last two causes of action seek declaratory and injunctive relief.

First, declaratory relief is a form of equitable relief, not a cause of action. (*Gen. of Am. Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470.)

Second, an action for declaratory relief requires that there be a present and actual controversy between the parties. Where "no present legal controversy exists, a cause of action for declaratory relief is not stated." *Ephraim v. Metro. Trust Co.*, 28 Cal.2d 824, 836 (1946); *see also* 28 U.S.C. §§ 2201, 2202. Here, Plaintiff has no basis for declaratory relief. The request made is based solely on the allegations that that he was deprived of the opportunity to review the original documents. There is no present controversy between Plaintiff and Defendants.

These forms of relief are viable only where independent claims supporting such relief are viable. *See, e.g., Padayachi v. Indymac Bank*, No C 09-5545 JF (PVT), 2010 WL 1460309, at *2 (N.D. Cal. Apr. 9, 2010) (one "may not maintain a claim for declaratory relief unless one of his other claims survives the motion to dismiss"); *Santos v. Countrywide Home Loans*, No. CIV 20902642WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief"); *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.")

Finally, declaratory relief does not serve to furnish a litigant with a second cause of action for the determination of identical issues. *Gen. of Am. Ins. Co. v. Lilly* 258 Cal.App.2d 465, 470 (1968) (internal quotation marks omitted). As set forth above, Plaintiff's other causes of action fails to state a claim. Here, because Plaintiff has failed to state a claim for any of his causes of action and, even if he succeeded in stating a claim, his alleged causes of action would not entitle him to restitution or injunctive damages, Plaintiff's requests for this relief should be dismissed. *See, e.g. Ruiz v. Cent. Mortg. Co.*, No. CV1408627MMMSSX, 2015 WL 12683873, at *9

(C.D. Cal. Apr. 2, 2015).

## V. CONCLUSION

For all the above reasons, the Court should grant the motion to dismiss. Further, the allegations of the complaint show that its failings are not the type that can be corrected, so the Court should not grant leave to amend.

DATED:  November 17, 2023       SEVERSON & WERSON
                                A Professional Corporation


                                By:   /s/ Adam N. Barasch
                                         ADAM N. BARASCH

                                Attorneys for Defendants COUNTRYWIDE HOME LOANS, INC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07

# CERTIFICATE OF SERVICE

I, Chevalier Robertson, hereby certify that on this 17th day of November, 2023, a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [FRCP 12(b)(6)]** was served via U.S. Mail and with the Clerk of the Court by using the CM/ECF system, on the following:

Julio Maven
15335 Castle Peak Lane
Jamul, CA 91935
Telephone No.: (619) 669-9887
PRO SE

_____
Chevalier Robertson