**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO MAYEN,<br><br>                        Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>                       Defendants. | Case No.: 3:23-cv-01915-RBM-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>**[Docs. 11, 13, 21, 22]** |

      Pending before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") motion to dismiss Plaintiff Julio Mayen's ("Plaintiff") Complaint ("MTD 1"). (Doc. 11-1.) Plaintiff filed an opposition brief to Defendant Countrywide's MTD 1. (Doc. 20.) Defendant Countrywide filed a reply brief. (Doc. 27.)[1]

      Also pending before the Court is Defendants NewRez, LLC doing business as Shellpoint Mortgage Servicing; The Bank of New York Mellon, as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates Series 2005-07 ("BNYM"); and Mortgage Electronic

---

[1] In Countrywide's reply brief, it explains that other Defendants substituted in new counsel and submitted a separate motion to dismiss asserting similar allegations. (Doc. 27 at 1 n.1.)

1  Registration Systems, Inc.'s ("MERS") ("Remaining Defendants") (collectively,
2  "Defendants") motion to dismiss Plaintiff's Complaint ("MTD 2"). (Doc. 13-1.) Plaintiff
3  filed an opposition brief to Remaining Defendants' MTD 2. (Doc. 24.) Remaining
4  Defendants filed a reply brief. (Doc. 28.)

5       In MTD 1, Defendant Countrywide argues that judicial estoppel bars this entire case
6  because Plaintiff did not disclose his instant claims in any of his three prior bankruptcy
7  cases. (Doc. 11-1 at 9–12.) Defendant Countrywide contends that Plaintiff's breach of
8  fiduciary duty claim fails because it did not owe him a fiduciary duty and the claim is
9  barred by the statute of limitations. (*Id.* at 12–14.) Defendant Countrywide argues that
10 Plaintiff's breach of contract claim fails because he does not identify any contract between
11 the parties, any terms that were breached, damages suffered, or when the contract was
12 formed. (*Id.* at 14–15.) Defendant Countrywide argues Plaintiff's federal consumer
13 protection law violation claim fails because he fails to identify the special purpose vehicle
14 ("SPV") at issue or identify any violations other than allegedly not providing original
15 documents, for which a claim is barred by the statute of limitations. (*Id.*) Defendant
16 Countrywide also argues Plaintiff's federal consumer protection claim is truly an argument
17 under the Federal Debt Collection Protection Act ("FDCPA"), which fails because the
18 FDCPA does not apply to Countrywide and the one-year statute of limitations has expired.
19 (*Id.* at 15.) Lastly, Defendant Countrywide argues Plaintiff's request for declaratory and
20 injunctive relief fails. (*Id.* at 15–17.)

21      In MTD 2, Remaining Defendants argue that Plaintiff's quiet title action in state
22 court precludes the Court's jurisdiction over this quasi in rem action. (Doc. 13-1 at 13–
23 14.) Remaining Defendants argue Plaintiff's breach of fiduciary duty claim fails because
24 he alleges no facts supporting a relationship beyond the conventional role of a lender and
25 cites no authority supporting such obligations. (*Id.* at 14–15.) Remaining Defendants
26 contend Plaintiff's breach of contract claim fails because he does not allege which entity
27 refused payment, when, or how. (*Id.* at 15.) Remaining Defendants add that Plaintiff fails
28 to plead any contract terms, the breached terms, or the amount of damages suffered. (*Id.*)

2

Remaining Defendants argue Plaintiff's claim under Section 27B of the Securities Act of 1933 does not apply to individual borrowers like Plaintiff. (*Id.* at 16.) Remaining Defendants argue Plaintiff's federal consumer protection law claim fails because he cites no specific statute. (*Id.* at 16–17.) Remaining Defendants contend Plaintiff's declaratory and injunctive relief claims fail because they are not independent causes of action and there is no sufficiently pled underlying cause of action. (*Id.* at 17–18.) Remaining Defendants argue judicial estoppel bars Plaintiff's claims. (*Id.* at 18–19.) Remaining Defendants further contend Plaintiff impermissibly split his causes of action between the same parties into different lawsuits. (*Id.* at 20–21.) Remaining Defendants argue Plaintiff's insufficient service of process warrants dismissal. (*Id.* at 21–22.) Lastly, Remaining Defendants argue Sarah A. Mayen is an absent but necessary and indispensable party. (*Id.* at 22–23.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Countrywide's MTD 1 and Remaining Defendants' MTD 2 (Docs. 11, 13.) are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

### A. Plaintiff's Complaint

The facts and claims alleged in Plaintiff's Complaint are as follows.

#### 1. Mortgage Agreement

Plaintiff entered into an originally signed mortgage and note agreement with some SPV through a straw person who did not disclose the unknown investors underwriting the loan, which violates state consumer protection laws and the Truth in Lending Law (Regulation Z). (Doc. 1 ("Complaint") ¶ 7.) The mortgage and note agreement include a provision stating Plaintiff would pay a portion of the home's purchase price and monthly interest "in exchange for them not presenting or exhibiting the original instruments in exchange for full 'payment.'" (*Id.* ¶ 8.) Plaintiff struck out waiving notices, waiver demand for payment, notice of dishonor, notice of default, right to due diligence, and presentment clauses in the mortgage and note agreement. (*Id.* ¶ 9.)

### 2. Sale of Loan

Plaintiff was promised access to the original signed contracts and commercial agreements with Countrywide, but upon request for those documents, Countrywide and others stalled while making demands for payment notwithstanding billing errors. (*Id.* ¶¶ 10–11.) Countrywide and others informed Plaintiff that his loan account was sold to some other party. (*Id.* ¶ 12.) Countrywide and others contacted Plaintiff asserting a debt without showing him the original documents; Plaintiff has not been permitted to see chain of custody of the documents so he may ascertain who is involved. (*Id.* ¶ 14.) Countrywide and others disclaimed further interest and refused payment for the mortgage by explaining the instruments were absorbed into another transaction that released Plaintiff from any further obligation to pay. (*Id.* ¶¶ 15–16.)

### 3. Payments

Plaintiff sent payments to Countrywide and others but received billing statements that did not acknowledge these payments nor Plaintiff's release from the obligation to pay. (*Id.* ¶ 17.) Countrywide and others refused more of Plaintiff's payments and to exhibit the original documents to Plaintiff "until legal proceedings and judicial scrutiny to avoid unjust enrichment by tendering performance or legal tender to the wrong party or where none was due any longer at all." (*Id.* ¶ 18.) Countrywide and others sent a billing statement to Plaintiff indicating a past due debt of $1 million or more despite Plaintiff's accusations of billing errors and refusal to provide the original documents. (*Id.* ¶ 19.) Upon information and belief, Plaintiff sent an excessive amount of legal tender in certified funds to Countrywide and others in good faith, which constitute unjust enrichment "if they cannot abide the statute of frauds and holder/holder in due course agreements formed by the striking of the presentment waiver and express agreement that when asked they would allow Mayen to inspect original mortgage and note at any time upon request." (*Id.* ¶ 20.) Countrywide and others did not credit Plaintiff's payments properly. (*Id.* ¶ 21.) Countrywide and others failed to hold partial payments per their stated policy, leading to billing errors and unresolved disputes. (*Id.* ¶ 22.)

### 4. Claims

Plaintiff alleges Defendants breached their fiduciary duties by failing to provide him access to the original documents, not honoring contract obligations to allow inspection, and not requiring payment until that inspection occurs (First Cause of Action). (*Id.* ¶ 25.) Plaintiff alleges Defendants breached their contract by failing to provide access to original documents, refusing payment without proper justification or explanation, refusing to adjust alleged monthly balances for the months original documents were not produced, and through conflicts of interest (Second Cause of Action). (*Id.* ¶ 26.) Plaintiff alleges Defendants violated SEC rules and regulations, specifically Section 27B, due to a lack of transparency in the securitization process concerning the ownership of original instruments and material conflicts of interest among participants in the securitization transaction (Third Cause of Action). (*Id.* ¶ 27.) Plaintiff alleges Defendants violated federal consumer protection laws through unfair and deceptive practices, including refusing payment without proper explanation or documentation, failing to provide access to original documents, and falsifying documents or forgery in violation of The Truth in Lending, Fair Credit Reporting Laws, predatory lending practices proscriptions, and the Privacy Act (Fourth Cause of Action). (*Id.* ¶ 23, 28.) Plaintiff seeks declaratory and injunctive relief (Fifth and Sixth Causes of Action). (*Id.* ¶¶ 29–30.)

### B. Judicially Noticed Documents[2]

#### 1. The Property

On December 27, 2004, Plaintiff and co-borrower Sarah A Mayen executed a deed of trust with Countrywide for a loan to secure a property in Jamul, California (the "Property"). (Request for Judicial Notice ("RJN") 1, Doc. 11-3 (Ex. 1) December 27, 2004 Deed of Trust.) On June 13, 2011, MERS, a nominee for Countrywide, assigned the

---

[2] As explained *infra* at III.B, the Court takes judicial notice of the public records and docket entries Defendants attached to their motions to dismiss and in three separate requests for judicial notice. (*See* Docs. 11, 13, 15–17.)

beneficial interest under the deed of trust to BYNM.  (RJN 2, Doc. 11-4 (Ex. 2) June 13, 2011 Assignment of Deed of Trust.)  On June 23, 2023, a Notice of Default was recorded due to Plaintiff's default.  (RJN 3, Doc. 11-5 (Ex. 3) June 23, 2023 Notice of Default and Election to Sell Under Deed of Trust.)  On September 25, 2023, a Notice of Trustee's Sale was recorded.  (RJN 4, Doc. 11-6 (Ex. 4) September 25, 2023 Notice of Trustee's Sale.)

**2. Plaintiff's Bankruptcies**

On February 21, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California.  (RJN 5, Doc. 11-7 (Ex. 5) February 21, 2013 Bankruptcy Petition, Case No 3:13-01660-LT13, Doc. 1.)  Plaintiff's schedules in that case did not disclose his current claims against Defendants as assets of his estate.  (RJN 6, Doc. 11-8 (Ex. 6) March 7, 2013 Schedule B-Personal Property.)  On May 3, 2013, the first bankruptcy was dismissed.  (RJN 5, Doc. 11-7 (Ex. 5) February 21, 2013 Bankruptcy Petition, Case No 3:13-01660-LT13, Doc. 28.)

On August 22, 2016, Plaintiff filed a second Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California.  (RJN 7, Doc. 11-9 (Ex. 7) August 22, 2016 Bankruptcy Petition, Case No. 3:16-05104-LT13, Doc. 1.)  Plaintiff's schedules in that case did not disclose his current claims against Defendants as assets of his estate.  (RJN 8, Doc. 11-10 (Ex. 8) September 19, 2016 Schedule B-Personal Property.)  On November 14, 2016, the second bankruptcy was dismissed.  (RJN 7, Doc. 11-9 (Ex. 7) August 22, 2016 Bankruptcy Petition, Case No. 3:16-05104-LT13, Doc. 27.)

On November 28, 2016, Plaintiff filed a third Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California.  (RJN 9, Doc. 11-11 (Ex. 9) November 28, 2016 Bankruptcy Petition, Case No. 3:16-07181-LT13, Doc. 1.)  Plaintiff's schedules in that case did not disclose his current claims against Defendants as assets of his estate.  (RJN 10, Doc. 11-12 (Ex. 10) – January 3, 2017 Schedule B-Personal Property.)  On March 6, 2017, the third bankruptcy was dismissed.  ((RJN 9, Doc. 11-11 (Ex. 9) November 28, 2016 Bankruptcy Petition, Case No. 3:16-07181-LT13, Doc. 31.)

///

### 3. Plaintiff's Lawsuits

On September 5, 2013, Plaintiff filed a lawsuit in this district against Bank of America as servicer of the Property. (RJN 11, Doc. 11-13 (Ex. 11) September 5, 2013 Lawsuit Against Bank of America, Civil Case No. #3:13-cv-02080-MMA-BGS, Doc. 1.) Bank of America filed a motion to dismiss, which the district court granted on January 7, 2014. (*Id.*, Doc. 6; (RJN 11, Doc. 11-13 (Ex. 12) Order Granting Motion to Dismiss, Civil Case No. #3:13-cv-02080-MMA-BGS.)

On January 11, 2017, Plaintiff filed a second lawsuit in this district against New Penn Financial, LLC. (RJN 12, Doc. 11-14 (Ex. 13) January 11, 2017 Lawsuit Against New Penn Financial, LLC, Civil Case No. #3:17-cv-00050-JLS-MDD, Doc. 1.) New Penn Financial, LLC filed a motion to dismiss, which the district court granted. (*Id.*; RJN 12, Doc. 11-14 (Ex. 14) Order Granting Motion to Dismiss, Civil Case No. #3:17-cv-00050-JLS-MDD, Docs. 35, 41.) Plaintiff filed a notice of appeal, and the appeal is pending. (RJN 12, Doc. 11-14 (Ex. 13) Notice of Appeal, Civil Case No. #3:17-cv-00050-JLS-MDD, Doc. 43.)

On October 10, 2023, Plaintiff filed a quiet title action against the Defendants in the Superior Court of the State of California, County of San Diego. (RJN 13, Doc. 17 (Ex. 19) Plaintiff's Superior Court of the State of California, County of San Diego Complaint, Case No. 37-2023-00043974-CU-OR-CTL.)

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). An action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

7

'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III.   DISCUSSION

#### A. Motion to Strike

Plaintiff moves to strike Defendants' MTD 1 and 2 as "dilatory and irrelevant material laden misleading submissions with more harmful and prejudicial slant than probative value." (Doc. 22 at 3.) Plaintiff goes on to explain his theory as to why he no longer has an obligation to pay the debt but does not address why he believes Defendants' MTD 1 and 2 are dilatory, irrelevant, misleading, or more prejudicial than probative. (*See id.* at 3–6.) Defendants respond that these arguments fail as a matter of law and are barred by judicial estoppel and the cause of action splitting doctrine. (Doc. 25 at 3–4.) Because Plaintiff has failed to explain why MTD 1 and 2 must be stricken, the Court **DENIES** Plaintiff's motion to strike Defendants' MTD 1 and 2 (Docs. 21, 22.).

#### B. Requests for Judicial Notice

Plaintiff filed a request for judicial notice but did not attach any documents for this Court to notice. (*See* Doc. 6.) Defendants filed requests for judicial notice pertaining to Plaintiff's property, bankruptcies, and prior and current court cases. (*See* Docs. 11, 13, 15, 16, 17.) Plaintiff objects to several of Defendants' requests for judicial notice. (Docs. 21, 22.) Specifically, Plaintiff challenges the validity and execution of a deed of trust, disputes whether an assignment of deed was ever accepted, believes there may be errors or inaccuracies in the notice of default and election to sell and notice of trustee sale. (Doc. 22 at 2–3 (citing Doc. 11-3 (Ex. 1), 11-4 (Ex. 2), 11-5 (Ex. 3), and 11-6 (Ex. 4).) Defendants respond that these objections should be overruled because judicial notice of these documents is proper, and the deed of trust and assignment were already judicially

1 noticed in his prior lawsuit in this district. (Doc. 25 at 2–3; Doc. 26 at 2–3.)

2  Under Federal Rule of Evidence 201(b), a court may take judicial notice, either on its own accord or by a party's request, of facts that are not subject to reasonable dispute because they are (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may also take judicial notice of "matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citations omitted); *see also U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) ("[T]he court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal quotations omitted). A court may also "take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings." *Peel v. BrooksAmerica Mortg. Corp.*, 788 F.Supp.2d 1149, 1158 (C.D. Cal. 2011) (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003)).

 Each of the documents Defendants proffer are properly subject to judicial notice. These documents include (1) public records pertaining to ownership of Plaintiff's Property, mortgage default, and foreclosure sale; (2) bankruptcy docket filings in Plaintiff's three bankruptcy cases; (3) district court docket filings concerning Plaintiff's lawsuits against Bank of America and New Penn Financial, LLC; and (4) Plaintiff's Complaint in a lawsuit filed in the Superior Court of California, County of San Diego against Defendants. (*See* Doc. 11-3–11-14 (Exs. 1–14); Doc. 17 (Ex. 19).) *See Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1036 n.1 (C.D. Cal. 2008) ("Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the Monacos' deed of reconveyance.") (citing *W. Fed. Sav. v. Heflin*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust)); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "several other pleadings, memoranda, expert reports, etc." in related court

proceeding); *Burbank–Glendale–Pasadena Airport Authority v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998) (court took judicial notice of pleadings filed in a related state-court action). These are "matters of public record whose accuracy cannot be questioned." *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009). However, the Court does not take judicial notice of these documents for the truth of the matters asserted in them. See *Permito v. Wells Fargo Bank*, No. C–12–00545 YGR, 2012 WL 1380322, *2 (N.D. Cal. Apr. 20, 2012) ("The Court will take judicial notice of the dates, parties, and legally operative language of these documents, but not the truth of various factual representations made in the documents."). Accordingly, the Court **GRANTS** Defendants' requests for judicial notice and **OVERRULES** Plaintiff's objections.

### C. Judicial Estoppel

Defendants argue that judicial estoppel bars this entire case because Plaintiff did not disclose his instant claims in any of his three prior bankruptcy cases. (Doc. 11-1 at 9–12; Doc. 13 at 18–19.) Plaintiff responds that judicial estoppel does not apply because there is no prior judicial order adjudicating his claims that would preclude them. (Doc. 20 at 3.) Plaintiff responds that judicial estoppel does not apply because his prior case in this district dismissed on judicial estoppel grounds is currently pending review in the Ninth Circuit Court of Appeals. (Doc. 24 at 6.) Plaintiff further argues he did not take any contrary positions in a prior proceeding and a bankruptcy court is not judicial in nature under Article III. (*Id.* at 6–9.) Defendants reply that Plaintiff's argument that judicial estoppel does not apply is devoid of substance and that claim preclusion is distinct from judicial estoppel. (Doc. 27 at 2–3; Doc. 28 at 5–6.)

#### 1. Case Law

Under the judicial estoppel doctrine, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New*

*Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). "[S]everal factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be 'clearly inconsistent' with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.' Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51 (internal citations omitted). "In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751.

In *Hamilton v. State Farm Fire & Casualty Company*, the defendant insurer denied the plaintiff's insurance claim for water damage to and loss of items in a house he owned due to plaintiff's suspected vandalism and theft or at least violation of a concealment or fraud provision of the insurance agreement. *See* 270 F.3d 778, 780–81 (9th Cir. 2001). The plaintiff filed for Chapter 7 bankruptcy and listed a $160,000 vandalism loss on his schedules but not any corresponding claim against the defendant insurer as assets of his estate. *Id.* at 781. The bankruptcy court discharged the plaintiff's debts. *Id.* However, when the bankruptcy trustee sought to inquire as to the plaintiff's pursuit of the alleged vandalism loss, the plaintiff did not provide additional information and the trustee moved to dismiss the plaintiff's bankruptcy and vacate the discharge of his debts, which the bankruptcy court granted. *Id.* The district court granted the defendant's motion for summary judgment in part due to judicial estoppel due to plaintiff's failure to amend his bankruptcy claims to include claims against the defendant. *Id.* at 780–82. On appeal, the Ninth Circuit explained that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned

in the debtor's schedules or disclosure statements." *Id.* at 783 (citations omitted). The Ninth Circuit held the plaintiff asserted inconsistent positions by failing "to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims." *Id.* at 784. The Ninth Circuit held that the plaintiff "is precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and that a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated." *Id.* The Ninth Circuit clarified that its "holding does not imply that the bankruptcy court must actually discharge debts before the judicial acceptance prong may be satisfied. The bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways." *Id.* (citations omitted). The Ninth Circuit then held that "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* (citations omitted).

### 2. Analysis

Here, the Court concludes that Plaintiff is judicially estopped from asserting his claims in this case. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action."). While Plaintiff's Complaint omits any reference to the timing of his allegations, the Court deduces that they concern a 2004 mortgage and note agreement, alleged subsequent payments, and an alleged discharge of debt following the transfer of beneficial title from Defendant Countrywide to Defendant BNYM in 2011. Thus, the events appear to precede each of Plaintiff's three bankruptcies, or at least the latter two. The Court now addresses the three judicial estoppel factors.

First, Plaintiff asserted inconsistent positions in his three bankruptcy cases and the

instant case by not disclosing any claims against the Defendants in his bankruptcy schedules despite his knowledge of the underlying events preceding those bankruptcies. Accordingly, Plaintiff had "knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy," *Hamilton*, 270 F.3d at 784, yet failed to disclose him claims against Defendants in any of his bankruptcy schedules.  Thus, Plaintiff has taken inconsistent positions.  *See id.* (explaining plaintiff took inconsistent positions by failing "to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims.").

Second, the Court determines the bankruptcy court accepted Plaintiff's position by granting automatic stays for the duration of his three bankruptcies even if each bankruptcy case was eventually dismissed.  *See id.* (explaining bankruptcy court need not actually discharge debts for judicial acceptance prong so long as relies on debtor's nondisclosure of potential claims in some way); *see also Sharp v. Nationstar Mortg., LLC*, Case No. 14-CV-00831-LHK, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) (explaining the granting of automatic stays is sufficient to meet judicial acceptance prong); *Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082-TLN-CKD, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014) (same).

Third, Plaintiff derived an unfair advantage by receiving the benefit of automatic stays without disclosing all of his potential assets.  *See Swnedsen*, 2014 WL 1155794, at *6 ("The law in this area is clear: a plaintiff who has received the benefit of an automatic stay under 11 U.S.C. § 362(a) would receive an unfair advantage by prosecuting claims against a defendant after failing to disclose those claims in his bankruptcy proceedings.").

Therefore, the Court determines Plaintiff's instant claims against Defendants are judicially estopped, and the Court need not reach the parties' remaining arguments.

**D. Leave to Amend**

Leave to amend is generally granted unless the Court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Plaintiff's instant claims against Defendants are barred by judicial estoppel, the Court determines amendment would be futile. *See Carr v. Beverly Health Care & Rehab. Servs., Inc.*, No. C-12-2980 EMC, 2013 WL 5946364, at *6 (N.D. Cal. Nov. 5, 2013) (dismissing complaint with prejudice where "there is no plausible basis for finding that judicial estoppel should not apply."); *Otter v. Northland Grp., Inc.*, No. 12-2034-RSM, 2013 WL 2243874, at *4 (W.D. Wash. May 21, 2013) ("Since the application of judicial estoppel acts as an absolute bar to plaintiff's claim, no leave shall be granted and the complaint is dismissed with prejudice.").

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' MTD 1 and MTD 2 (Docs. 11, 13) and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATE: June 24, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE