Julio Mayen
15335 Castle Peak Lane
Jamul, California 91935
ekultan@gmail.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Mayen<br><br>              Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS- THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07.; NEWREZ, LLC. DBA SHELLPOINT MORTGAGE SERVICING, AND,; INCLUDING ANY SPV/TRUST, INVESTORS and DOES 1 through 10, inclusive,<br>              Defendants, | Case No.:  3:23-cv-01915-RBM-AHG<br><br>The Hon. Ruth Bermudez Montenegro<br><br>**PLAINTIFF'S REPLY TO DEFENDANT COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).**<br><br>Hearing Info:<br>Date:          September 9, 2024<br>Time:<br>Courtroom:   5B<br><br>Action Filed:   October 19, 2023<br>Trial Date:     TBD |

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 1 of 10

# INTRODUCTION

Plaintiff Julio Mayen submits this memorandum in opposition to Defendant Countrywide Home Loans, Inc.'s ("Countrywide") opposition to Plaintiff's Motion for Reconsideration. Plaintiff contests Defendant's reliance on the doctrine of judicial estoppel and highlights the importance of the overturning of the Chevron deference in analyzing this case. This brief will demonstrate that Defendant's arguments are misplaced, misinterpret legal doctrines, and fail to recognize key changes in the legal landscape, particularly following the Supreme Court's decision to overturn Chevron.

# I. ARGUMENT

A. Judicial Estoppel Does Not Bar Plaintiff's Claims

Defendants argue that Plaintiff's claims are barred by judicial estoppel due to his previous bankruptcy filings and subsequent failure to disclose claims. However, this argument misinterprets the scope and applicability of judicial estoppel in the present context. The overturning of the Chevron doctrine provides a critical lens through which to reevaluate such arguments.

1. Judicial Estoppel is Not Applicable:
Defendants' argument that judicial estoppel should bar Plaintiff's claims fails to meet the necessary criteria for this doctrine. Judicial estoppel is a discretionary doctrine that applies only when a party has taken clearly inconsistent positions and gained an unfair advantage in the process, as outlined in New Hampshire v. Maine, 532 U.S. 742 (2001). However, Plaintiff's positions in his bankruptcy filings were

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 2 of 10

1  not inconsistent with his current claims.

3   - No Inconsistent Position:  Plaintiff did not assert a position in the bankruptcy
4  court that is contrary to his current claims.  In fact, his failure to disclose certain
5  claims in bankruptcy filings does not equate to an explicit assertion of a position
6  that these claims do not exist or lack merit.  Courts have clarified that judicial
7  estoppel requires more than mere omission—it requires that a party "must actually
8  have asserted an inconsistent position and the position must have been accepted by
9  the court in some manner," as emphasized in Reed v. City of Arlington, 650 F.3d
10  571 (5th Cir. 2011).  Here, Plaintiff's omission was inadvertent and does not meet
11  the threshold of taking a "position".

13   - No Unfair Advantage: The Defendant's assertion that Plaintiff derived an unfair
14  advantage by failing to disclose his claims in bankruptcy proceedings is
15  unsupported by the facts.  Unlike cases where judicial estoppel was applied due to
16  a clear intention to manipulate the court for personal gain, such as in Hamilton v.
17  State Farm Fire & Casualty Co., 270 F.3d 778 (9th Cir. 2001), Plaintiff's
18  omissions were not made with the intent to deceive or gain an unfair advantage.
19  Plaintiff's bankruptcy filings resulted in the dismissal of his cases, not any sort of
20  beneficial outcome from withholding claims.

22  2. Plaintiff Did Not Derive an Unfair Advantage:
23  The argument that Plaintiff derived an unfair advantage by failing to disclose
24  claims in his bankruptcy filings is flawed.  In judicial estoppel cases like
25  Hamilton, the courts have been strict about the requirement that the non-disclosure
26  must have been intentional and calculated to deceive.  In Plaintiff's case, there is
27  no evidence to suggest any intention to deceive.  His failure to list certain claims
28  was

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 3 of 10

inadvertent and does not reflect an intention to gain an unfair advantage. Furthermore, the bankruptcy courts did not "accept" Plaintiff's omission as part of a deliberate strategy that would necessitate estoppel.

- Cases to Counter Defendant's Claim: Unlike the case of Hamilton, where the plaintiff explicitly benefited from the nondisclosure of a potential claim, here, Plaintiff did not obtain any favorable outcome due to the nondisclosure. The bankruptcy proceedings were dismissed, which did not provide Plaintiff any advantage over Defendants. The courts in similar cases, such as Ah Quin v. County of Kauai Department of Transportation, 733 F.3d 267 (9th Cir. 2013), have refrained from applying judicial estoppel when the omission was due to inadvertence or mistake. The court's role is to ensure fair administration of justice, not to apply punitive measures for honest mistakes.

B. The Overturning of Chevron and Its Relevance to this Case

The recent overturning of Chevron by the Supreme Court in West Virginia v. EPA, 142 S. Ct. 2587 (2022), is critical in this case for several reasons. Chevron deference previously allowed courts to defer to agency interpretations of ambiguous statutes. However, with Chevron overturned, the courts are no longer bound to defer to an entity's self-serving interpretations that could lead to injustice or an overreach of authority. This is particularly relevant in the context of judicial estoppel and other doctrines where discretion and interpretation play a significant role.

1. Reevaluation of Judicial Deference:
With the Chevron doctrine no longer binding, courts are encouraged to apply a more rigorous and independent review of cases without defaulting to agency or

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 4 of 10

entity interpretations.  In the current matter, Defendants are essentially asking the court to defer to their interpretation of judicial estoppel and the bankruptcy records without a critical examination of the facts or Plaintiff's intent.  The Supreme Court's decision in West Virginia v. EPA mandates that courts no longer provide such deference without substantial justification, particularly when it concerns statutory interpretation or principles of equity.

   - Analysis of Relevant Legal Precedents:  Before the overturn of Chevron, courts might have been more inclined to defer to entities like Defendants, assuming their interpretations of estoppel doctrines were based on a clear understanding of bankruptcy disclosures.  However, in a post-Chevron era, this approach is no longer appropriate.  Courts must independently verify that doctrines like judicial estoppel are applied correctly and not in a manner that would unfairly prejudice one party over another.  Cases such as King v. Burwell, 576 U.S. 473 (2015), demonstrate that the courts are moving towards a more balanced interpretation that prioritizes equitable justice over strict adherence to procedural bars.

2. Judicial Estoppel as an Overreach:
The Chevron decision's overturn implies a move away from broad deference to interpretations that could exceed reasonable limits or applications.  Similarly, judicial estoppel, if applied without careful consideration, could act as a blanket bar to claims that have merit simply because of procedural missteps.  It is crucial to analyze whether Defendants are advocating for an overreach by utilizing judicial estoppel to preclude all litigation efforts from the Plaintiff without addressing the merits of the underlying claims.

   - Impact on Future Cases:  This case sets an important precedent.  If this Court blindly adheres to Defendant's interpretation of judicial estoppel, it could

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 5 of 10

encourage further misuse of this doctrine as a catch-all defense strategy to dismiss legitimate claims based on procedural technicalities. The principle of equity demands that courts assess claims on their merits, especially when the legal landscape, post-Chevron, pushes for a more judicious use of discretion by judges in applying doctrines that could unjustly harm a litigant's ability to have their day in court.

C. The Motion for Reconsideration is Properly Brought Under FRCP 59 and 60

Contrary to Defendants' assertion, Plaintiff's Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) is properly filed. Defendants misinterpret the application of these rules in their opposition. Both Rules 59(e) and 60(b) provide avenues for reconsideration when there has been a clear error of law, new evidence, or a significant change in controlling law.

1. Newly Discovered Evidence:
Under Rule 60(b)(2), a court may relieve a party from a final judgment if there is newly discovered evidence that could not have been discovered with reasonable diligence before the judgment. Plaintiff has presented evidence that was not previously available, which directly impacts the merits of his claims and the application of judicial estoppel. This newly discovered evidence must be considered to prevent manifest injustice.

   - Legal Precedent Supporting Reconsideration: Cases such as Gonzalez v. Crosby, 545 U.S. 524 (2005), underscore the importance of allowing reconsideration when new, previously unavailable evidence surfaces. The court must weigh this new evidence against the established facts and determine if it materially alters the case's outcome.

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 6 of 10

Plaintiff's evidence provides a factual basis that challenges the previous dismissals, warranting a fresh look by this Court.

2. Change in Controlling Law:

As articulated earlier, the overturning of Chevron represents a significant change in the legal landscape and constitutes a sufficient basis under Rule 60(b)(6) to warrant reconsideration of this Court's prior order.  The Chevron decision's reversal underscores the importance of courts not automatically deferring to procedural doctrines like judicial estoppel without a thorough examination of the context and equity involved.

  - Analysis of Rule 60(b)(6): Rule 60(b)(6) allows for relief from a final judgment for "any other reason that justifies relief."  The Supreme Court's decision to overturn Chevron fits squarely within this provision as it represents a significant change in the approach courts should take when assessing agency interpretations or doctrines that hinge on interpretative discretion.  This Court should take this into account and reexamine the application of judicial estoppel under this new judicial philosophy, ensuring that its application is fair and just.

## II. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant Countrywide's opposition to Plaintiff's Motion for Reconsideration and grant the Motion for Reconsideration in its entirety.  The application of judicial estoppel, as argued by Defendants, is misplaced and unjust in this context, particularly in light of the recent changes in the legal framework following the overturning of Chevron.

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 7 of 10

The Court should ensure that doctrines like judicial estoppel are not applied in a manner that would unfairly deny Plaintiff the opportunity to have his claims heard and decided on their merits. The principles of fairness, equity, and a thorough examination of the substantive claims should guide the Court's decision.

Executed on August 30, 2024 at home, in California

                              By: /s/ Julio Mayen          [L.S./SEAL]
                                      Julio Mayen, Pro Se

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 8 of 10

# VERIFICATION

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I have read the foregoing and know its contents.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and 28 USC 1746 that the foregoing is true and correct.

Executed on August 30, 2024 at home, in California

                                      By: /s/ Julio Mayen                    [L.S./SEAL]
                                                 Julio Mayen, Pro Se

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing **PLAINTIFF'S REPLY TO DEFENDANT COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).**, with the Clerk of the Court for the United States District Court, Southern District of California CM/ECF system, which will send notification of such filing to all parties on the service list in this case.

This is provided to give the other side an opportunity to have a meeting of the minds and resolve matters. Plaintiff advises that he is amenable to offers of resolution and invites best offers of resolution - all of which will be considered as he is motivated and amenable to suit which restores him privately to "wholeness" and compensates him for inconvenience and deferral of peaceful resolution.

Dated:  August 30, 2024

                                                By: /s/ Julio Mayen                          [L.S./SEAL]
                                                        Julio Mayen, Pro Se

PLAINTIFF'S REPLY TO DEFENDANTS COUNTRYWIDE'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 10 of 10