Julio Mayen
15335 Castle Peak Lane
Jamul, California 91935
ekultan@gmail.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julio Mayen<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS- THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07.; NEWREZ, LLC. DBA SHELLPOINT MORTGAGE SERVICING, AND,; INCLUDING ANY SPV/TRUST, INVESTORS and DOES 1 through 10, inclusive,<br>             Defendants, | Case No.: 3:23-cv-01915-RBM-AHG<br><br>The Hon. Ruth Bermudez Montenegro<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).**<br><br>Hearing Info:<br>Date:         September 9, 2024<br>Time:<br>Courtroom:  5B<br><br>Action Filed:  October 19, 2023 |

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 1 of 9

INTRODUCTION

Plaintiff Julio Mayen submits this memorandum in opposition to Defendants The Bank of New York Mellon ("BNYM") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") opposition to Plaintiff's Motion for Reconsideration. Defendants' arguments rely heavily on the doctrine of judicial estoppel and misinterpret the Federal Rules of Civil Procedure 59(e) and 60(b).  Additionally, the recent overturning of Chevron deference by the Supreme Court requires a reevaluation of the principles and doctrines applied in this case, particularly regarding statutory interpretation and judicial discretion.

I. ARGUMENT

A. No Grounds for Judicial Estoppel Application in Light of Overturned Chevron Doctrine

Defendants argue that Plaintiff's claims are barred by judicial estoppel due to alleged inconsistencies in Plaintiff's positions across his bankruptcy filings and current litigation.  However, the Supreme Court's recent decision in West Virginia v. EPA, 142 S. Ct. 2587 (2022), which overturned Chevron deference, mandates a more rigorous judicial scrutiny of doctrines like judicial estoppel that depend on interpretation and discretion.

1. Judicial Estoppel is Misapplied:
Defendants' reliance on judicial estoppel is misplaced.  The doctrine of judicial estoppel is an equitable principle that should be applied sparingly and only in instances where a party has taken a clearly inconsistent position to gain an unfair advantage, as established in New Hampshire v. Maine, 532 U.S. 742 (2001).

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 2 of 9

Here, Plaintiff's omission of claims in bankruptcy filings was not an assertion of a contradictory position but rather an inadvertent mistake.

 - Inconsistencies Not Proven:  Courts have held that mere omission is insufficient to constitute an inconsistent position.  In Reed v. City of Arlington, 650 F.3d 571 (5th Cir. 2011), the court clarified that judicial estoppel requires a clear assertion of a conflicting stance, not simply a failure to disclose.  Plaintiff's omission in bankruptcy filings does not equate to a denial of the claims he now asserts. Furthermore, the context of the omission does not suggest any intent to deceive the bankruptcy court or obtain an unfair advantage.

2. No Unfair Advantage Obtained:
Defendants claim Plaintiff gained an unfair advantage by not disclosing his claims. This argument fails to recognize that judicial estoppel is meant to protect the integrity of the judicial process, not to punish honest mistakes.  Unlike in Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778 (9th Cir. 2001), where the plaintiff intentionally concealed a claim to benefit financially, Plaintiff here has not demonstrated any intent to manipulate the process.  His bankruptcy proceedings were dismissed without any advantageous outcome due to the non-disclosure, negating any suggestion of bad faith.

 - Precedent Supporting Reconsideration of Judicial Estoppel:  In Ah Quin v. County of Kauai Department of Transportation, 733 F.3d 267 (9th Cir. 2013), the Ninth Circuit held that judicial estoppel should not be applied when an omission was due to inadvertence or mistake.  Plaintiff's case aligns with this precedent, as there is no evidence of intentional wrongdoing or any significant benefit derived or prejudice against any legitimate party from the alleged omission.

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 3 of 9

B. The Overturning of Chevron Deference and Its Implications

The Supreme Court's decision to overturn Chevron in West Virginia v. EPA fundamentally alters the landscape of statutory interpretation, particularly regarding judicial discretion.  This change necessitates a reassessment of the application of doctrines like judicial estoppel, which rely heavily on discretionary judicial interpretation.

1. Heightened Scrutiny of Judicial Doctrines:
The Chevron doctrine previously allowed courts to defer broadly to agency interpretations of ambiguous statutes.  With Chevron overturned, courts are now required to undertake a more thorough and independent review of such interpretations.  Similarly, this principle should apply to the application of judicial estoppel, which requires careful balancing of equities and a rigorous assessment of intent and consistency.

   - Impact of Overturn on Case Analysis:  Before Chevron was overturned, courts often deferred to agency determinations or interpretations that were ambiguous but plausible.  Post-Chevron, the judicial system must ensure that doctrines like judicial estoppel are not employed to preclude legitimate claims without a substantive review of the context and merits.  This case demands such scrutiny, given the significant change in the legal landscape and the potential for overreach by defendants.

2. Judicial Estoppel as an Overreach:
The elimination of Chevron deference highlights the dangers of overreliance on doctrines that could be used to dismiss cases prematurely.  Judicial estoppel should not be a tool for procedural dismissal without a fair hearing on the merits,

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 4 of 9

especially when there is a substantial shift in the underlying legal standards and interpretations that govern such doctrines.

 - Avoiding Procedural Barriers to Justice: Defendants' attempt to utilize judicial estoppel to bar Plaintiff's claims outright, without addressing the substance, is indicative of an overreach. The Court should be cautious in applying judicial estoppel in light of the new judicial scrutiny standards post-Chevron. The principles of equity and justice require that courts examine the true intent behind omissions and the broader context before applying such a significant procedural bar.

C. Plaintiff's Motion for Reconsideration is Properly Supported Under FRCP 59(e) and 60(b)

Defendants contend that Plaintiff's Motion for Reconsideration lacks grounds under Federal Rules of Civil Procedure 59(e) and 60(b). This assertion is incorrect and reflects a misunderstanding of the applicable standards for reconsideration.

1. Proper Grounds Under Rule 59(e):
Rule 59(e) permits a court to alter or amend a judgment if new evidence has emerged, there is a clear error of law, or there has been a significant change in controlling law. Plaintiff has presented new evidence that was previously unavailable, which directly impacts the application of judicial estoppel and the merits of his claims. This new evidence, which points to potentially fraudulent practices, must be evaluated by the Court to prevent a miscarriage of justice.

 - Relevance of New Evidence: The presentation of new evidence that could alter the Court's original decision fits squarely within the parameters of Rule 59(e).

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 5 of 9

Courts are encouraged to reconsider decisions when there is compelling evidence that was not available at the time of the original judgment, as established in Gonzalez v. Crosby, 545 U.S. 524 (2005). Plaintiff's evidence here directly challenges the previous application of judicial estoppel and requires careful reconsideration.

2. Appropriate Application of Rule 60(b):

Under Rule 60(b), a court may relieve a party from a final judgment for several reasons, including mistake, newly discovered evidence, or any other reason justifying relief. The overturning of Chevron represents a significant change in the legal framework that justifies reconsideration under Rule 60(b)(6). This change in controlling law warrants a fresh examination of the doctrines applied and the context in which they were used.

 - Significance of Legal Change: The shift away from Chevron deference emphasizes the need for courts to exercise their judgment more independently and less deferentially. This Court must reconsider its application of judicial estoppel under the new legal landscape, ensuring that such doctrines are not being used improperly to deny Plaintiff a fair opportunity to present his claims which ultimately robs him of his property thus robbing him of his constitutionally protected rights and due process of law.

## II. CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that this Court deny Defendants' opposition to Plaintiff's Motion for Reconsideration and grant the Motion in its entirety. The application of judicial estoppel is not justified in this context, particularly given the substantial changes in legal interpretation following

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 6 of 9

the Supreme Court's decision to overturn Chevron. The Court must ensure that doctrines like judicial estoppel are applied fairly and equitably, considering both the intent behind any omissions and the broader principles of justice.

Executed on August 30, 2024 at home, in California

                              By: /s/ Julio Mayen                      [L.S./SEAL]
                                    Julio Mayen, Pro Se

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 7 of 9

# VERIFICATION

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I have read the foregoing and know its contents.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and 28 USC 1746 that the foregoing is true and correct.

Executed on August 30, 2024 at home, in California

By: /s/ Julio Mayen              [L.S./SEAL]
Julio Mayen, Pro Se

---

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).**, with the Clerk of the Court for the United States District Court, Southern District of California CM/ECF system, which will send notification of such filing to all parties on the service list in this case.

This is provided to give the other side an opportunity to have a meeting of the minds and resolve matters. Plaintiff advises that he is amenable to offers of resolution and invites best offers of resolution - all of which will be considered as he is motivated and amenable to suit which restores him privately to "wholeness" and compensates him for inconvenience and deferral of peaceful resolution.

Dated: August 30, 2024

By: /s/ Julio Mayen            [L.S./SEAL]
Julio Mayen, Pro Se

PLAINTIFF'S REPLY TO DEFENDANTS THE BANK OF NEW YORK MELLON AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO AND IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PER FRCP 59(e) AND RULE 60(b).

Page 9 of 9