1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 JULIO MAYEN,                          Case No.: 3:23-cv-01915-RBM-AHG
12                         Plaintiff,
                                       **ORDER DENYING MOTION FOR**
13 v.                                  **RECONSIDERATION PER FRCP**
                                       **59(e) AND RULE 60(b)**
14 COUNTRYWIDE HOME LOANS, INC.,
   et al.,                             **[Doc. 32]**
15
16                         Defendants.

17

18      Pending before the Court is Plaintiff Julio Mayen's ("Plaintiff") motion for

19 reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) ("Motion"). (Doc.

20 32.)  Defendant Countrywide Home Loans, Inc. ("Countrywide") filed an opposition to

21 Plaintiff's Motion and Defendants Bank of New York Mellon, as Trustee for the Certificate

22 Holders of CWMBS, INC., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-

23 Through Certificates, Series 2005-07 ("BNYM") and Mortgage Electronic Registration

24 Systems, Inc. ("MERS") (collectively, "Defendants") filed an opposition to Plaintiff's

25 Motion.  (Docs. 33, 34.)  Plaintiff filed replies to each of these oppositions.  (Docs. 35, 36.)

26      The Court finds this matter suitable for determination without oral argument

27 pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, Plaintiff's Motion

28 (Doc. 32-1) is **<u>DENIED</u>**.

1

# I.   BACKGROUND

## A. Court's Order

The factual and legal background concerning the Court's granting Defendants' motions to dismiss (Docs. 11, 13) on the grounds of judicial estoppel with prejudice can be found in the Court's Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice ("Order").  (Doc. 30.)

## B. Plaintiff's Motion[1]

Plaintiff explains his Motion is "based on newly presented evidence, recent Supreme Court rulings, and arguments previously overlooked.  The recent overturning of the Chevron deference doctrine also significantly impacts this case and warrants thorough judicial reconsideration."  (Doc. 32-1 at 2.)

### 1.  Newly Discovered Evidence

Plaintiff argues he has "uncovered new evidence that was not available at the time of the original motion, which is material and directly impacts the claims against the Defendants.  Specifically, this evidence pertains to internal communications within Countrywide Home Loans, Inc. that demonstrate fraudulent practices and bad faith actions, which were not previously disclosed." (*Id.* at 2.)  Plaintiff attaches a 2012 article as Exhibit A that "outlines the numerous schemes, violations, and frauds perpetrated to rob homeowners of their properties, in clear violation of both the U.S. Constitution and the California Constitution, as well as federal and state laws." (*Id.*; *see* Doc. 32-2 (Ex. A).)

### 2.  Clear Error and Manifest Injustice

Plaintiff argues the Court "erred in finding that Plaintiff lacks standing to bring claims under the applicable statutes." (*Id.* at 3–4.)  Plaintiff contends the Court "overlooked key precedents that support Plaintiff's claims, including cases where similar actions by mortgage servicers were deemed actionable." (*Id.* at 4.)  Plaintiff argues the

---

[1] The summary in this section explains the arguments in Plaintiff's motion and does not reflect the opinions or factual findings of the Court.

2

Court "failed to consider the detailed allegations of procedural violations and their impact on Plaintiff." (*Id.* at 4–5.)  Plaintiff argues the application of judicial estoppel "is not appropriate in this case, where Plaintiff's primary concern is the protection of his home from wrongful foreclosure." (*Id.* at 5–6.)  Plaintiff contends the judicial estoppel doctrine violates his federal and state constitutional rights and is an equitable doctrine that should not be applied because his primary benefit was an automatic stay and he did not intend to mislead the Court. (*Id.*)[2]  Plaintiff also argues the overturning of the *Chevron* doctrine impacts this case because it "requires courts to scrutinize the actions and interpretations of entities like MERS, the Bank of New York Mellon, and others more rigorously." (*Id.* at 6–10.)

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." *Soares v. Paramo*, Case No. 3:13-cv-02971-BTM-RBB, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016).  However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*  Local Rule 7.1(i)(2) permits motions for reconsideration within "28 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a local rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  A motion for reconsideration is treated as a motion to

---

[2] Plaintiff also argues judicial estoppel is inappropriate where the primary benefit was an automatic stay of collection proceedings. (*Id.* (citing *Gottlieb v. Kest*, 141 Cal. App. 4th 110 (2006).)

alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Plaintiff timely filed his Motion 28 days after the Court's Order.  (Docs. 30, 32.) Accordingly, the Court will apply Rule 59(e).  *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) ("A 'timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).'") (citations omitted).[3] "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

## III.   DISCUSSION

Plaintiff does not state an adequate basis for reconsideration under either Rule 59(e) or Rule 60(b).  With respect to newly discovered evidence, Plaintiff references a law review article published in 2012.  This is insufficient as this evidence is not new—it was available prior to the Court's Order—and Plaintiff has not demonstrated that this evidence could not

---

[3] While Plaintiff references Rule 60(b), he does not articulate which bases he moves for under Rule 60(b).  (Doc. 32-1.)  Plaintiff in one of his replies articulates he moves under Rule 60(b)(2) concerning newly discovered evidence and Rule 60(b)(6) due to an intervening change in controlling law.  (Doc. 35 at 6–7.)  The Court determines these bases for reconsideration are already adequately covered by the bases Plaintiff provides under Rule 59(e) and the outcome would be the same under Rules 60(b)(2) and 60(b)(6).

have been discovered earlier through due diligence.  *See Torres v. Kernan*, No. 22-cv-09112 BLF (PR), 2023 WL 3362595, at *1 (N.D. Cal. May 9, 2023) ("Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.") (citing *Ybarra*, 656 F.3d at 998); *Sukiasyan v. Target Corp.*, Case No. 2:18-cv-10356 ODW (GJSx), 2020 WL 1491372, at *3 (C.D. Cal. Mar. 27, 2020) ("To obtain relief under Rule 59(e) based on newly discovered evidence, the moving party must demonstrate that the evidence (1) was 'discovered after the judgment;' (2) 'could not be discovered earlier through due diligence;' and (3) is 'of such a magnitude that had the court known of it earlier, the outcome would likely have been different.'") (quoting *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003)).

With respect to standing, this Court did not find that Plaintiff lacks standing.  Rather, the Court found Plaintiff's claims are precluded by the doctrine of judicial estoppel.  (Doc. 30.)  With respect to overlooking precedents supporting Plaintiff's claims, the Court did not overlook such precedents.  Similarly, the Court did not fail to consider allegations of procedural violations of the Defendants that impacted Plaintiff.  Rather, the Court determined Plaintiff's claims are precluded by judicial estoppel, whether they contain merit or not.  (*Id.*)  With respect to federal and state constitutional rights, Plaintiff cites no case law authority for his argument that the judicial estoppel doctrine violates any of his federal or California constitutional rights.  With respect to the former *Chevron* deference doctrine, that doctrine only applied to *agency* determinations and actions.  *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2273 (2024) ("*Chevron* is overruled.  Courts must exercise their independent judgment in deciding whether an *agency* has acted within its statutory authority, as the APA requires.") (emphasis added); *see also N. California River Watch v. Wilcox*, 633 F.3d 766, 776 (9th Cir. 2011) ("*Chevron* deference … applies only 'when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.'") (quoting *United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001)).  No Defendant in this case is a federal agency.

Finally, as the Court explained in its Order, under federal law, Plaintiff derived an unfair advantage by receiving the benefit of an automatic stay without disclosing all of his potential assets, including his claims against Defendants.  (Doc. 30 at 13 (citing *Sharp v. Nationstar Mortg., LLC*, Case No. 14-CV-00831-LHK, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) and *Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082-TLN-CKD, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014).)  The Court also declines to address Plaintiff's new argument in his reply that his omission in his bankruptcy schedules was due to inadvertence or mistake.  (Doc. 35 at 3–4; Doc. 36 at 3.)  *See Backcountry Against Dumps v. Chu*, 215 F. Supp. 3d 966, 975 (S.D. Cal. 2015) ("An argument first raised in a reply brief need not be considered.") (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).

Thus, Plaintiff has not adequately stated a basis for reconsideration under Rule 59(e) or Rule 60(b) regarding newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

DATE:  September 19, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

6